## Wheeler v. Real Estate Title Ins. & Trust Co., Appellant.

*Title insurance—Policy—Subsequent municipal lien.*

A title insurance company issued a policy upon a mortgage and covenanted to indemnify the holder against " all loss by reason of defects or unmarketableness of the title to the estate or interest insured or because of liens or incumbrances charging the same at the date of this policy, saving the defects, liens or incumbrances excepted in schedule B." Schedule B set forth the " estates, defects, or objections to title, and liens, charges and incumbrances thereon, which do or may now exist and against which the company does not agree to insure or indemnify. (1) Unmarketability by reason of the possibility of mechanics' and municipal liens is excepted from this insurance, but actual losses by reason of such liens or by reason of the noncompletion of the building now in process of erection on the premises, unless said building should happen to be destroyed by fire, are hereby insured against." Three years after the date of the policy, municipal work was done for which claims were filed. *Held,* that such claims were neither a charge on the property at the date of the policy, nor became so within the period provided for in schedule B; and that they were not within the policy, and created no cause of action under it.

Argued Jan. 15, 1894. Appeal, No. 132, July T., 1893, by defendant, from judgment of C. P. No. 1, Phila. Co., on verdict for plaintiff, Susan Farnum Wheeler. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and FELL, JJ. Reversed.

Assumpsit on policy of title insurance. Before BRÉGY, J.

The material portion of the policy was as follows :

" This policy of insurance witnesseth that the Real Estate Title Insurance & Trust Company of Philadelphia, in consideration of the sum of six $\frac{50}{100}$ dollars to it paid by Frank A. Mullikin, covenants that it will indemnify, keep harmless, and insure the said Frank A. Mullikin and all persons claiming the estate and property hereinafter mentioned under him by descent, will, or under the intestate laws, and all persons to whom this policy may be transferred with the assent of this company, testified by the signature of its proper officer indorsed thereon, from all loss or damage not exceeding one thousand three hun-

dred dollars which the said insured shall sustain by reason of defects or unmarketableness of the title of the insured to the estate, mortgage, or interest described in schedule A, hereto annexed, or because of liens or incumbrances charging the same at the date of this policy ; saving the defects, objections, liens, or incumbrances excepted in schedule B.

### " SCHEDULE B.

" Showing estates, defects, or objections to title, and liens, charges, and incumbrances thereon, which do or may now exist and against which the company does not agree to insure or indemnify. (1) Unmarketability by reason of the possibility of mechanics' and municipal liens is excepted from this insurance, but actual losses by reason of such liens or by reason of the noncompletion of the building now in process of erection on the premises (unless such building should happen to be destroyed by fire) are hereby insured against. The company also guarantees the erection and completion of said building in accordance with specification dated September 12, 1888, filed and made part of the application by the insured."

The policy was issued in 1888. In 1891, municipal work (first paving) was done, for which claims were filed as a lien against the property. Suit was brought upon the policy to recover the amount of these claims. Binding instruction for plaintiff was given.

Verdict and judgment for plaintiff. Defendant appealed.

*Error assigned* was above instruction, quoting it.

*John G. Johnson, Emil Rosenberger* with him, for appellant.— It is not possible to import into a contract indemnifying against certain kinds of liens another contract indemnifying against an entirely different kind of lien, because of a provision that an intangible loss, accruing by reason of the liens insured against, shall not be covered, but that an actual loss shall.

*C. Berkeley Taylor*, for appellee, cited Phila. Tool Co. v. Assurance Co., 132 Pa. 236.

OPINION BY MR. JUSTICE MITCHELL, March 26, 1894 :
The policy was upon a mortgage, and the covenant in it was

to indemnify the holder against " all loss . . . . by reason of defects or unmarketableness of the title to the estate or interest insured . . . . or because of liens or incumbrances charging the same at the date of this policy." A building was then in process of erection on the mortgaged premises, and is so set forth in the policy: While it was in progress and for six months afterwards, the possibility of the filing of mechanics' liens which would relate back to the commencement of the building and thus antedate the mortgage, created a twofold danger. First, it was a defect in the title which might make it unmarketable as a first incumbrance, and if the holder was compelled to sell it he could only do so at a loss ; and secondly in case of a sale of the property the mechanics' liens would have priority in the distribution of the proceeds, and the mortgage might have to bear a deficiency. The covenant already quoted, insured against both these losses, but as the insurer was not willing to undertake the indefinite liability of the first, a clause was added, " saving the defects, liens or incumbrances excepted in sched- ule B." This was clearly a restriction of the liability previously assumed and was not intended to create any new liability of its own. Turning to schedule B we find that it sets out " defects or objections to title, and liens, charges and incumbrances there- on, which do or may now exist, and against which the company does not agree to insure," and first, " *unmarketability* by reason of the possibility of mechanics' and municipal liens is excepted from insurance." Possibility of liens, to affect marketability, must of course be a present possibility. A future possibility of liens can never be escaped in any case, and therefore cannot make a title unmarketable. But " actual losses by reason of such liens . . . . are insured against," and " such liens " are those already referred to, those having a present possibility. The meaning of this language does not admit of doubt. The main covenant includes several classes of liabilities ; schedule B excepts one class, unmarketability by reason of possibility of liens ; but by an exception to the 'exception, prevents the ex- clusion of actual losses by such liens. That is, should a me- chanic's lien intervene, the insurer will not indemnify for the loss from the unmarketability of the mortgage thereby caused, but will make good any actual loss, such as the deficiency of the fund to satisfy the mortgage after payment of the lien.

The general intent and effect of the whole policy were to insure the mortgage as a valid security both as to title and incumbrances. As to title, all defects were included except the one of unmarketability by reason of possibility of liens; as to liens or incumbrances, only those were included which come under either, first, the main covenant, those actually charging the property at the date of the policy, or secondly, under schedule B, mechanics' or municipal claims "which do or may now exist" at the same date, to wit, inchoate mechanics' liens which, though not yet in actual existence, may, within six months of the completion of the building, spring up and acquire an existence as of a date prior to the policy. Not until by the lapse of time the danger of such liens should be passed, would the mortgage be secure as a first incumbrance. Before so secure there was the danger not only of mechanics' but also of municipal liens intervening. The latter were therefore classed with the former, and actual loss by reason of either was insured against. But there is no covenant or language indicating any intent to go beyond that limit of time, and to assume a general liability to indemnify against possible future incumbrances, municipal or other.

The policy was executed in 1888. The municipal work for which the claims in question were filed was not done till 1891. Such claims were neither a charge on the property at the date of the policy, nor became so within the period provided for in schedule B. They were not within the policy at all and created no cause of action under it.

Judgment reversed.