## Wheeler, Appellant, v. Equitable Trust Company.

*Insurance—Title insurance—Indemnity—Guaranty.*

In an action upon a policy of title insurance which by its terms was a general contract of indemnity against loss from defects or unmarketability of title, but which contained in a note to a schedule a guaranty to complete certain buildings according to plans and specifications mentioned, the court will construe the whole contract to be one of indemnity, and will not permit the plaintiff to prove that the houses were not built in accordance with the plans and specifications, unless there is prior proof that the plaintiff suffered actual loss.

The note in such a case is intended to signify that if the buildings should not be completed in accordance with the specifications, then, if any loss be sustained thereby by plaintiff, such loss should come under the indemnification covenant of the policy. The contract is not intended by its terms to be severed into two, one to indemnify against loss from defects of title, and one to guarantee that the building shall be finished in accordance with the plans and specifications.

Argued Jan. 8, 1903. Appeal, No. 173, Jan. T., 1902, by plaintiff, from order of C. P. No. 5, Phila. Co., March T., 1901, No. 309, refusing to take off nonsuit in case of Susan Farnum Wheeler, Executrix of Charles Wheeler, Deceased, v. Equitable Trust Company. Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Assumpsit on a policy of title insurance. Before RALSTON, J.

The facts are stated in the opinion of the Supreme Court.

When Frank Loughran was on the stand the following offer was made :

I offer to show that the seventeen houses on Douglas street, between Foster and Arch streets, west of Thirty-second, were not built in accordance with the plans and specifications filed with the Equitable Trust Company, in accordance with the policy, by John D. Pharoah, and the cost necessary to make those houses conform to those plans and specifications.

Mr. Brown : You offer to prove that by this witness ?

Mr. Taylor : Yes.

Mr. Brown : I object because it is irrelevant and because the witness is not qualified to testify as, of, or about February 25, 1899, when completion was claimed to have been guaranteed.

Objection sustained.

Exception for plaintiff.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*C. Berkeley Taylor*, for appellant, cited : Union Trust Co. v. Citizens' Trust & Surety Co., 185 Pa. 217 ; German-American Title & Trust Co. v. Citizens' Trust & Surety Co., 190 Pa. 247.

*Ira Jewell Williams*, with him *Simpson & Brown*, for appellee, cited: Wheeler v. Trust Co., 160 Pa. 408; Seymour v. Trust, etc., Co., 203 Pa. 151; German-American Title, etc., Co. v. Citizens' Trust, etc., Co., 190 Pa. 247.

Opinion by Mr. Justice Dean, July 9, 1903:

The Equitable Trust Company on May 15, 1898, delivered to plaintiff, executrix of Charles Wheeler, deceased, a policy of title insurance in the amount of $50,000. The subject insured was a mortgage for $61,500, made by John D. Pharoah, on seventeen ground rents issuing out of seventeen lots and buildings thereon, situate on Douglas street in Philadelphia. This mortgage was taken by plaintiff as collateral security for a loan. It is not alleged that there is any defect in the title to the ground rents which has rendered them unmarketable. The policy stipulates that defendant " will indemnify, keep harmless and insure the said Susan Farnum Wheeler, executrix, . . . . against all loss or damage not exceeding fifty thousand dollars," arising from defects or unmarketableness of title or loss as described in schedules A and B, which are set out in and form part of the policy. In a note to schedule B occurs this statement:

" Note.—The completion of seventeen buildings on said lots of ground in accordance with the plans and specifications filed with this company by John D. Pharoah within nine months of the date hereof (unless destroyed by fire) together with all municipal—John H. Connellan—improvements free of municipal liens is hereby guaranteed."

Pharoah, who had mortgaged the ground rents to plaintiff for a loan to him, having defaulted in payment of the rents, the mortgage was foreclosed and the ground rents purchased at sheriff's sale by Richard M. Elliot for Mrs. Wheeler, the price at which they were knocked down being only $500. The plaintiff then brought suit against the trust company for damages sustained by her by breach of the conditions of the policy of insurance. The breach averred by her was of the stipulation in the note to schedule B as heretofore quoted, in that, the houses, as she averred in her statement, were not completed according to the plans and specifications filed with the trust company by John D. Pharoah.

At the trial plaintiff, after showing that she purchased the ground rents at sheriff's sale on the mortgage and reading in evidence her policy of insurance, called to the witness stand Frank Loughran, a builder of experience, and made the following offer:

" I offer to show that the seventeen houses on Douglas street, between Foster and Arch streets, west of Thirty-second, were not built in accordance with the plans and specifications, filed with the Equitable Trust Company in accordance with the policy, by John D. Pharoah, and the cost necessary to make those houses conform to those plans and specifications."

This was objected to by defendant, on the ground that the evidence was irrelevant, and on the further ground, that witness had made no examination of the houses, until some time after the policy was issued. The court sustained the objection. Plaintiff declined to offer further evidence and thereupon the court directed a nonsuit, which it afterwards refused to take off and we have this appeal by plaintiff assigning for error the rejection of the testimony of Loughran.

Whether this testimony was relevant, depends upon a proper construction of the policy. Was it an indemnity against loss or damage by a failure of the mortgage as security? Or was it a guarantee for completion of the buildings as specified in the note to schedule B? If the latter, the testimony was relevant; if the whole instrument was merely a covenant to indemnify against loss or damage, then the testimony when offered was irrelevant and properly rejected. The policy in its general terms is one of indemnity. In the commencement clause it says : " The Equitable Trust Company in consideration of the sum of $1,125 to them paid by Susan Farnum Wheeler, etc., do hereby covenant that they will indemnify, keep harmless" her against all loss and damage not exceeding $50,000 which the insured shall sustain by reason of any defects in or unmarketability of the title to the property which is the subject of the mortgage. Excepting, however, defects, liens and incumbrances specified in schedule B. These are listed thus : accuracy of description, taxes of 1898, water rents, building restrictions, mechanics' liens not of record. Then follows the note which guarantees the completion of the seventeen buildings within nine months from the date of the policy,

free from liens for municipal improvements.   It seems to us the policy was one of indemnity alone; the word " guarantee" is used in the note but its use in that connection does not change or split into two parts the general intent of the contract which is one of indemnity.   The plainly expressed intent is to indemnify against loss from defects or unmarketability of title; then come certain exceptions in schedule B; but these do not fully express the intent of the parties, so the note is added, making an exception to the exceptions; that is, John D. Pharoah will within nine months complete the building according to the plans and specifications and free from municipal liens and inprovements.   That is, notwithstanding the exceptions, the general indemnity contract shall extend to and cover any loss from failure in these particulars.   The note although inaptly worded is intended to signify, that if the buildings should not be completed in accordance with the specifications then, if any loss be sustained thereby by plaintiff, such loss should come under the indemnification covenant of the policy.

But the contract is not intended by its terms to be severed into two, one to indemnify against loss from defects of title and one to guarantee, that the buildings shall be finished in accordance with certain plans and specifications.   If the contract were one of guarantee, then the plaintiff, although she may have lost nothing on her collateral, instead may really have largely profited by the sale of it, would have a right to recover; on the other hand if the contract were one of indemnity alone, she could not recover unless she proved a loss on the mortgage.   This is the substance of the decisions in Wheeler v. Real Estate Title Ins. & Trust Co., 160 Pa. 408, and Seymour v. Tradesmen's Trust, etc., Co., 203 Pa. 151. We hold that this policy, taking it as a whole, is a contract of indemnity and recovery can be had on it only as such.

The plaintiff avers that the houses were not completed according to the plans and specifications and that their value in consequence has depreciated in the sum of $15,174, but she does not aver any loss on the mortgage which she took as collateral for her loan; she bought in all the ground rents and now owns them; for anything that appears, they may be worth far more than the mortgage and she may be largely the gainer,

notwithstanding the failure to complete the houses according to the specifications.    As preliminary to a recovery on the stipulation of the note to schedule B plaintiff must show that she has not been indemnified and saved harmless on her collateral mortgage; that defendant has failed in that particular; then she can go further, and show that the failure to complete the building caused, or tended to cause, the loss.

This was in effect the ruling of the learned trial judge when he says: " If any loss is shown the plaintiff will be entitled to show the condition of the buildings in accordance with the German-American Co. v. Citizens Tr. & Surety Co., 190 Pa. 247, and show the difference in their value as they were, and as they would have been had they been completed according to the specifications."

In view of what we have said, we think the court below properly held, that at that stage of the trial Loughran's evidence was irrelevant and therefore rejected it.    This being the only assignment of error it is overruled and the judgment is affirmed.