# Pennsylvania Co. for Insurance on Lives, Etc., *v.* Central Trust & Savings Co., Appellant.

*Insurance—Title insurance—Completion of building—Subrogation—Mortgage—Release from lien of mortgage.*

Where a policy of title insurance covenants to indemnify the owners of a second mortgage, from loss resulting from the non-completion of buildings in a building operation, and also contains a warranty by the parties insured that their rights of subrogation should vest in the insurer unaffected by any act of the insured, the latter may maintain an action for a loss occasioned by a failure to complete the buildings, although the insured have released some of the properties from the mortgage without the consent of the insurer, if no claim is made for a loss resulting from the failure to complete the building of the properties released, and it does not appear that there was an equity in such properties over other liens and encumbrances, or that the releases affected the value of the mortgage.

Argued Dec. 10, 1915. Appeal, No. 289, Oct. T., 1915, by defendant, from judgment of C. P. No. 5, Philadelphia Co., June T., 1914, No. 634, on verdict for plaintiff in case of Pennsylvania Company for Insurance on Lives and Granting Annuities, William H. Henderson and George Henderson, Executors and Trustees under the will of Adelaide C. Henderson, deceased and George Henderson, Individually, v. Central Trust & Savings Company. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Assumpsit on a policy of title insurance. Before MARTIN, P. J.

At the trial the jury returned a verdict for plaintiff

for $1,000.00. On a motion for a new trial and for judgment n. o. v., MARTIN, P. J., filed the following opinion:

Plaintiffs purchased a bond and second mortgage executed by a "straw man" holding title to the mortgaged premises which consisted of a row of houses in course of erection.

The defendant issued a policy covenanting to indemnify, keep harmless and insure plaintiffs "from actual loss or damage not exceeding twenty-one thousand dollars which the said insured shall sustain by reason of noncompletion of premises."

Default having been made in the terms of the mortgage, the title to the mortgaged premises was conveyed by the owner at the request of defendant to a nominee of plaintiffs, subject to the mortgage, and plaintiffs entered into possession.

Some of the houses covered by the mortgage were released at the request of defendant upon receipt by the mortgagees of payments on account of the mortgage. Two other properties as to which no claim was made by plaintiffs that there was failure to complete, were released by the mortgagees from the lien of the mortgage, without the consent of defendant having been obtained.

Plaintiffs claimed that some of the buildings covered by their mortgage were not completed, in that there was not an adequate system of heating introduced. Defendant alleged that the heating system was adequate, and that the houses were fully completed.

Suit was instituted to recover a loss alleged in the value of the mortgage.

Plaintiffs in the statement of claim alleged that by reason of noncompletion of these houses the value of the mortgage was reduced, and they suffered actual loss or damage to the extent of $2,695.00.

An affidavit of defense was filed alleging that the houses had been completed, that the heating apparatus was amply sufficient to properly warm each of the

houses, that the mortgage was worth par, and denying that the plaintiffs suffered any loss or damage by reason of noncompletion.

Upon the trial there was evidence produced on behalf of plaintiffs to the effect that the houses were inadequately heated, and witnesses were called and examined as experts who testified that there was a loss in the value of the mortgage by reason of failure to properly heat the houses.

There was testimony on behalf of defendant that the houses were adequately heated, that the mortgage was worth its face value, and that there was equity in the properties over the mortgages greater than the expenditure which plaintiffs claimed was required to perfect the heating apparatus.

The trial judge instructed the jury that unless they were convinced by the evidence that there was a failure to complete the houses, and an actual loss or damage was occasioned to plaintiffs by reason of diminution of the value of the mortgage caused by failure to complete the houses, the verdict must be for defendant.

The jury rendered a verdict for the plaintiffs in the sum of $1,000.00.

Plaintiffs entered a rule for new trial; and defendant moved for judgment non obstante veredicto.

The case was carefully tried by counsel on both sides; all facts available were submitted to the jury, the verdict was less than the amount of loss indicated by the testimony of the witnesses called by plaintiffs and those produced by defendant asserted that there was no loss. No substantial reason is presented for granting a new trial.

The rule for a new trial was withdrawn.

An argument in support of the motion for judgment non obstante veredicto was based upon a condition in the policy providing that "Whenever the company shall have settled a claim under this policy it shall be entitled to all the rights and remedies which the insured would have

had against any other person or property had this policy
not been issued; and the insured undertakes to transfer
to the company such rights, or to permit it to use his
name for the recovery thereof. If the payment made by
the company does not cover the loss of the insured, it
shall be interested in such rights with the insured, in the
proportion of the amount paid to the amount of the loss
not hereby covered. And the insured warrants that such
right of subrogation shall vest in the company, un-
affected by any act of the insured."

The plaintiffs having released two properties from the
lien of the mortgage, the case of Seymour v. Tradesmen's
Trust and Savings Fund Company, 203 Pa. 151, was
cited to support the proposition that they had forfeited
the right to recover on the policy, as they could not as-
sign to defendant, in the event of payment to them by
defendant of the principal and interest of the mortgage,
a mortgage secured upon all the properties included in
its original terms.

In the Seymour case a reference to the record discloses
that the plaintiff entered into an agreement with a firm
of builders to sell to them a lot of ground, and advance
money to enable the builders to erect houses upon the
property, the lender accepting first and second mort-
gages as security for advances, and the builders agreeing
to erect the houses in accordance with certain plans and
specifications and to complete them without unnecessary
delay. The trust company delivered to the mortgagees
a policy guaranteeing completion of the houses accord-
ing to the plans and specifications, and this policy con-
tained a condition affording to the company the right of
subrogation, similar in terms to the clause in the present
case. The mortgagees notified the defendant of certain
defects in the work, and sent an estimate of the cost nec-
essary to complete the houses for occupancy according
to the plans and specifications. The trust company de-
nied the insufficiency of the work, and averred that it
was properly done. The mortgagees instituted fore-

closure proceedings and the properties were bought in their interest; they did some work on the properties, and then conveyed them to the first mortgagee. An action upon the policy was terminated by a nonsuit, and the lower court was affirmed upon appeal. It was said in the opinion: "By the terms of the policy the trust company was entitled to subrogation to all the rights and remedies of the insured. As the plaintiffs, by voluntarily conveying the properties to the owner of the first mortgage put it out of their power to comply with their agreement, they were not entitled to recover."

In the present case there was no agreement by the defendant to complete the properties, the undertaking was not a guaranty, but a contract to pay actual loss sustained by noncompletion of the premises.

The condition of the policy upon which defendant relies does not in terms require the plaintiffs to sell the mortgage to defendant. In the Seymour case, upon failure of the principal to complete the work the trust company had the right to do the work, for this purpose to take possession of the premises and be subrogated to the rights of the plaintiffs against the builders. In the present case there was no privity between the plaintiffs and the contractors who constructed the houses; plaintiffs were not parties to the building contract, but were purchasers of the mortgage, and defendant agreed to protect them against loss in the event of the failure of the builders to comply with the terms of their contract with the owner of the properties to complete the houses. Plaintiffs had no means of enforcing the completion of the houses or right of action against the contractors; and were entitled to no outstanding right to which defendant could become subrogated. The verdict of the jury established the fact that plaintiffs lost $1,000.00 in diminution of the value of their mortgage, but no evidence was presented nor claim made for loss by failure to complete the houses that were released from the lien of the mortgage, and it does not appear that there was

any equity in these properties over the liens and encumbrances.

The defendant has not settled or offered to settle the claim under the policy, but contested the liability. There are no rights and remedies which the insured would have had against any other person or property had the policy not been issued, arising out of the failure to complete the properties to which defendant would be entitled to subrogation, and which the releases executed by the plaintiffs impaired; and no evidence that these releases affected the value of the mortgage bond.

It was further argued that notice of loss required by the policy was not given to defendant.

There was a letter in evidence which one of the plaintiffs wrote to defendant stating that the heating apparatus was never completed in a proper way, and that it had been necessary to spend money in making the same right, and adding: "As it is likely that this expenditure will cause an actual loss to the parties insured I am giving you notice of the same now so that you may avail yourselves of the opportunity of making an inquiry at the present time, into all the facts compelling the course of action adopted."

In view of the conflicting testimony, the subjects in dispute were properly submitted to the jury. The issue was squarely raised, and the verdict established that plaintiffs had suffered a loss, which, under the terms of the contract of insurance, they are entitled to recover.

The motion for judgment non obstante veredicto is refused.

*Error assigned,* among others, was in refusing defendant's motion for judgment n. o. v.

*Edward Hopkinson, Jr.,* with him *Abraham M. Beitler,* for appellant, cited: Seymour v. Tradesmen's Trust Co., 203 Pa. 151; Wheeler v. Equitable Trust Co., 206 Pa. 428.

*S. G. Birnie,* for appellee.

OPINION BY ORLADY, P. J., March 1, 1916:

This action of assumpsit, when first tried resulted in a verdict in favor of the plaintiff for $2,719.18. On a motion for a new trial, and for judgment non obstante veredicto, the court dismissed the latter and made absolute the first. On the second trial the plaintiff recovered a verdict for $1,000.00, and a motion for judgment non obstante veredicto was again dismissed. The same argument is urged on this appeal that failed twice before the court below. The complications in the trials were unfolded as thoroughly as ingenious counsel, skilled experts and able judges could do. The subjects in dispute were adequately submitted to the jury, and the verdict established that the plaintiffs lost $1,000.00 in diminution of the value of the mortgage, but no evidence was presented nor claim made for loss by failure to complete the houses that were released from the lien of the mortgage, and it does not appear that there was any equity in these properties over the liens and encumbrances. The defendant has not settled or offered to settle the claim under the policy, but contested the liability. The whole subject is so fully and convincingly covered by the final opinion of Judge MARTIN, that we do not deem it necessary to prolong the discussion.

The judgment is affirmed.