# Pennsylvania Company for Insurances on Lives and Granting Annuities, *v.* Central Trust and Savings Company, Appellant.

*Contracts—Insurance—Title insurance — Building operation — Guarantee of completion—Construction — Mortgages — Release — Subrogation.*

1. Clauses in a policy of title insurance must be construed in view of the subject-matter insured and if its general language does not apply or becomes meaningless or inoperative it will be ignored in determining the liability of the parties.

2. A policy issued by a title company in favor of the mortgagee of real estate upon which buildings were to be erected, insured the mortgagee against "actual loss or damage......which the said insured shall sustain by reason of the noncompletion of the premises" and provided that "whenever the company shall have settled a claim under this policy, it shall be entitled to all the rights and remedies which the insured would have had against any other person or property........If the payment made by the company does not cover the loss of the insured, it shall be interested in such rights with the insured, in the proportion of the amount paid to the amount of the loss not hereby covered. And the insured warrants that such right of subrogation shall vest in the company, unaffected by any act of the insured"......"All interest in this policy (saving for damages accrued) shall cease upon the transfer of the title insured, except where this policy is transferred with the approval of the company. Partial transfers of titles shall reduce the liability of the company upon this insurance in the proportion of the value of the estate transferred to that retained." The mortgagor defaulted, and after default two of the properties were released from the lien of the mortgage without the consent of the title company. The remaining properties were conveyed to a

nominee of the mortgagee. Thereafter it appeared that the buildings had not been fully completed. The mortgagee had no right to complete the buildings. Upon the title company's failure, after notice, to complete the buildings, the mortgagee completed them and sued the title company for the loss. Defendant contended that by the release of two properties from the mortgage lien it had lost its rights against such properties, and that the policy was avoided thereby. There was evidence that the mortgage had depreciated in value because of the noncompletion of the buildings. *Held,* (1) that there was no privity of contract between the mortgagee and the contractor and the mortgagee had no rights to which defendant could be subrogated; (2) that as between the mortgagee and the defendant the contract was not one guaranteeing completion of the houses but a contract of indemnity against loss on the mortgage by noncompletion; (3) that the release of the two properties from the lien of the mortgage did not render the policy void but would reduce defendant's liability, if they had any value over and above the mortgage; (4) that a verdict for plaintiff for the amount of the loss should be affirmed.

Argued May 1, 1916. Appeal, No. 122, Jan. T., 1916, by defendant, from judgment of Superior Court, affirming judgment of C. P. No. 5, Philadelphia Co., June T., 1914, No. 634, for plaintiff, in case of Pennsylvania Company for Insurances on Lives and Granting Annuities, William H. Henderson and George Henderson, Executors and Trustees under the Will of Adelaide C. Henderson, Deceased, and George Henderson, Individually, v. Central Trust and Savings Company. Before MESTREZAT, POTTER, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Appeal from the Superior Court.

The facts appear in the opinion of the Supreme Court. See Pennsylvania Co. for Ins. on Lives & Granting Annuities v. Central Trust & Savings Co., 62 Pa. Superior Ct. 433.

The jury found a verdict for plaintiff for $1,000, upon which judgment was entered. The Superior Court affirmed the judgment of the Common Pleas Court. Defendant appealed.

324  PENNA. CO. FOR INS., ETC., *v.* CENT. TR. & S. CO., Appel.

Assignment of Error—Opinion of the Court.  [255 Pa.
*Error assigned* was the judgment of the Superior
Court.

*Edward Hopkinson, Jr.,* with him *Abraham M. Beitler,* for appellant.—The case of Seymour v. Tradesmen's Trust & Saving Fund Co., 203 Pa. 151, rules this case and requires a reversal of this judgment.

*S. G. Birnie,* for appellees.

OPINION BY MR. JUSTICE FRAZER, January 8, 1917:

In March, 1912, plaintiffs purchased a blanket mortgage of twenty-one thousand dollars on a number of houses embracing a building operation in the City of Philadelphia. The buildings were at the time unfinished and defendant issued a policy in the sum of twenty-one thousand dollars insuring plaintiffs against, inter alia, "actual loss or damage not exceeding twenty-one thousand dollars, which the said insured shall sustain by reason of noncompletion of premises." In April, 1912, three of the houses covered by the mortgage were released from its lien by mutual agreement between the parties and a stipulated amount paid in reduction of the principal debt, defendant agreeing its policy should remain in force as to the balance. The mortgagors defaulted in the payment of interest and the premises were conveyed to a person named by plaintiffs, who received title on their behalf pursuant to agreement made by the owner at the time the mortgage was executed. Following the default plaintiffs released from the lien of the encumbrance two of the properties without securing the consent of defendant. Subsequently discovery was made of defects in the heating plants which rendered them insufficient to properly heat the buildings, thereupon plaintiffs called attention of defendant to the fact that the houses were for this reason not completed and proceeded to put them in tenantable condition by installing new heaters of which action defendant was ad-

vised as well as the cost of the work and that such cost would mean an actual loss to them.  On failure of defendant to make settlement of the amount claimed, suit was brought upon the policy, alleging damages to the extent of two thousand six hundred and ninety-five dollars.  At the trial the various questions of fact raised, including the extent of the damages, were submitted to the jury, resulting in a verdict in plaintiffs' favor of one thousand dollars.  Motion for judgment for defendant non obstante veredicto was refused and judgment entered on the verdict and on appeal to the Superior Court, the judgment of the lower court was affirmed.  Upon petition to this court, alleging the question raised was one of general importance to trust companies insuring against loss by reason of noncompletion of houses, an appeal was allowed.  The single question before this court, under the facts of the case, is the proper construction of the subrogation clause in the policy.

The clause in question provides that "Whenever the company shall have settled a claim under this policy, it shall be entitled to all the rights and remedies which the insured would have had against any other person or property, had this policy not been issued; and the insured undertakes to transfer to the company such right, or permit it to use his name for the recovery thereof. If the payment made by the company does not cover the loss of the insured, it shall be interested in such rights with the insured, in the proportion of the amount paid to the amount of the loss not hereby covered.  And the insured warrants that such right of subrogation shall vest in the company, unaffected by any act of the insured."  The contention of defendant is that the act of plaintiffs in releasing two of the properties from the lien of the blanket mortgage, after default, put it beyond plaintiffs' power to comply with the provision that the right of subrogation should vest in the insurer "unaffected by any act of the insured."

The policy issued in this case is in the form of an ordi-

326 PENNA. CO. FOR INS., ETC., *v.* CENT. TR. & S. CO., Appel.

Opinion of the Court.                                    [255 Pa.

nary title insurance policy with appropriate provisions to cover loss or damages sustained by reason of noncompletion of the premises. The contract is one of indemnity and plaintiff is bound to show actual loss sustained before there can be a recovery: Weightman v. Union Trust Company, 208 Pa. 449; Wheeler v. Equitable Trust Co., 206 Pa. 428. This question was one of fact and was submitted to the jury who found in plaintiff's favor and fixed their damages at the sum of one thousand dollars.

The policy contained, in addition to the subrogation clause recited above, a provision that "All interest in this policy (saving for damages accrued) shall cease upon the transfer of the title insured; except where this policy is transferred with the approval of the company. Partial transfers of title shall reduce the liability of the company upon this insurance in the proportion of the value of the estate transferred to that retained." Under this clause the parties mutually agreed to the release of three of the premises covered by the mortgage in consideration of a reduction of the mortgage debt to seventeen thousand eight hundred dollars. Had the mortgage been transferred or released without damage for which claim could be made, such action would have rendered the policy void. It does not follow, however, that conveyance of the premises covered, relieved defendant entirely from liability. The clause apparently was drawn to cover the usual case of insurance of title of a single property and must be construed in view of the subject-matter insured, and if its general language does not apply, or becomes meaningless, or inoperative, it will be ignored in determining the liability of the parties: Haws v. Fire Association of Philadelphia, 114 Pa. 431; Grandin v. Rochester German Ins. Co., 107 Pa. 26. If the policy covered title to a single property, a transfer of title would necessarily be a transfer of all the interests of the insured, and the subject-matter of the contract as between the parties would cease to exist. Like-

wise, considering the mortgage as the subject-matter of the contract, transfers by assignment, or otherwise, of the entire mortgage, without more, would necessarily terminate the contract. But a conveyance of the premises covered by the mortgage does not necessarily relieve defendant from liability on its agreement to indemnify plaintiffs against loss or damage sustained, by reason of noncompletion of the buildings. On failure of the contractor to complete, two courses were open to plaintiff; he could either notify defendant of the situation and do nothing further, relying on his insurance policy to protect him against ultimate loss when the period of payment of the mortgage arrived, or, if his contract with the owner permitted, he might complete the premises in order to minimize his loss and call upon defendant to reimburse him for damages suffered, if any. If sale had been made under foreclosure proceedings, and, because of the unfinished condition of the buildings, the properties were purchased by a third person at a sum insufficient to meet plaintiffs' claim, the measure of damage would be fixed. Having obtained actual title to the property in lieu of foreclosure proceedings, any equities remaining in them, over and above the first mortgage lien, became his for what they were worth as additional security for the amount due him. Whether these properties were sold at private sale or public sale under foreclosure proceedings, in absence of allegation of fraud or inadequacy of price, the result would be the same, and defendant would be responsible for the amount of plaintiffs' loss, if any, which could be traced to the noncompletion of the buildings. The sale of part only, as in this case, would affect the rights of the parties merely in so far as the value of the premises sold tends to reduce defendant's liability under its policy. Viewing the policy as a whole and construing it in the light of the purpose for which it was made (Foehrenback v. German-American Title & Trust Co., 217 Pa. 331), we conclude the release of the two properties from the lien of

328 PENNA. CO. FOR INS., ETC., v. CENT. TR. & S. CO., Appel.

328 PENNA. CO. FOR INS., ETC., v. CENT. TR. & S. CO., Appel.

Opinion of the Court. [255 Pa.

the mortgage, did not in itself amount to a total release of defendant under the policy.

The testimony is conflicting as to whether or not there was actual loss or depreciation in the value of the mortgage, owing to failure to complete the houses. Defendant contends sufficient equity remained in the properties released from the mortgage to cover the actual loss sustained and witnesses for plaintiffs valued the properties at twenty-two hundred dollars and four thousand dollars, the first mortgages thereon being respectively fourteen hundred dollars and two thousand five hundred dollars. The properties, however, were duly taken into consideration by the experts who testified to the amount of depreciation in value of the mortgage, so that defendant really obtained whatever benefit was to be derived from them. In submitting the case to the jury the trial judge clearly stated there could be no recovery if no actual loss or damage was sustained by the holder of the mortgage, and affirmed defendant's seventh point, to the effect that defendant did not undertake that the houses would be actually completed, and if the mortgage was worth par, even though the buildings were not completed, there could be no recovery, by saying that if the ground alone was equal in value to the face of the mortgage, the verdict must be for defendant. Defendant's ninth point to the same effect was also affirmed. The evidence on the various matters in dispute being conflicting, the case was for the jury and the refusal to enter judgment for defendant non obstante veredicto, was proper.

Appellant relies on the case of Seymour v. Tradesmen's Trust & Saving Fund Co., 203 Pa. 151, as a previous determination by this court of the question here involved contrary to the decision of the Superior Court. In that case the policy contained a clause by which defendant insured the completion of the houses and reserved the right to take possession of the premises for that purpose and be subrogated to the rights of plaintiffs

against the contractor.    Plaintiffs alleged a part of the work was improperly done and for that reason the mortgage held by them was jeopardized.    Defendant denied the insufficiency of the work and plaintiffs instituted foreclosure proceedings and bought in the properties, and after doing some work on the houses conveyed them to the holder of an earlier mortgage.    This court there held plaintiffs could not recover for the loss sustained, for the reason they had voluntarily put it out of their power to comply with the agreement to subrogate defendant to their rights, unaffected by any act of the latter.    Plaintiffs thus deprived defendant of its right to satisfy itself as to the need for additional work, do such work as was necessary, and secure to itself whatever benefit might be derived therefrom.    In the present case, as suggested in the opinion of the court below (62 Pa. Superior Ct. 433, 437), there is no privity of contract between plaintiffs and the contractors; the former were merely purchasers of the mortgage and without means of enforcing completion of the buildings and had no rights in this respect to which defendant could be subrogated.    The contract of the latter was not to insure completion but to indemnify the former against loss under the mortgage by reason of noncompletion.    If the mortgage, notwithstanding such noncompletion, was worth its face value, no loss was sustained.    The value of two of the properties entitled defendant to a reduction of liability if they had any value over and above the earlier encumbrance, and this matter was submitted to the jury.    This reduction was as much as defendant was legally entitled to receive.

The judgment is affirmed.