## City of Philadelphia v. Reading Company.

*Negligence—Sidewalk—Liability of City—Liability of owner—Notice to owner—Judgment against City—Actions.*

1. Where a judgment has been recovered against the city for injuries sustained on a defective sidewalk, the city may maintain an action of *assumpsit* to recover the amount of the judgment from the owner of the property.

2. The action of *assumpsit* is proper, inasmuch as the claim is on a legally implied contract of indemnity.

3. In such case, where the owner has been duly notified by the city to appear and defend the case and has failed to do so, he cannot, in a suit by the city against himself, deny that the accident happened on his property where such fact was established by the pleadings and the evidence in the negligence suit against the city.

4. The city was under no duty to give immediate notice to the property owner upon the bringing of the suit against it. Its only duty was to give the owner, by notice of the suit, a reasonable opportunity to come in and defend if he so desired. A notice given eight months before the trial was sufficient.

5. The record of the judgment against the city is conclusive that the plaintiff in the judgment was injured by a defect shown to be on the sidewalk of defendant's property.

6. The suit by the city against the owner was not brought prematurely, as the plaintiff in the negligence case had secured a mandamus against the city for the amount of the judgment, had accepted the mandamus in payment, and had satisfied the judgment.

Rule for judgment for want of sufficient affidavit of defense. C. P. No. 2, Phila. Co., June T., 1927, No. 9418.

*Joseph P. Gaffney*, City Solicitor, *B. J. O'Connell* and *I. K. Levy*, Assistant City Solicitors, for City.

*William Clarke Mason*, for defendant.

GORDON, JR., J., March 20, 1928.—This is a rule for judgment for want of a sufficient affidavit of defense. On April 29, 1926, James Brosnahan, a minor, and his mother, brought suit against the plaintiff here to recover damages for injuries alleged to have been caused to the minor by a hole or depression in the sidewalk on the east side of Tulip Street, about 120 feet north of Lehigh Avenue, in the City of Philadelphia. On May 18, 1927, the case was tried in this court, and, on the same day, a verdict was rendered against the

City for $2560, which, together with the proper interest and costs, now aggregates $2623.50, the amount here in suit. Although notified, in the manner hereinafter stated, of the pendency of the suit against the City and of the time fixed for its trial, the defendant failed to appear and defend the suit, which was defended by the City Solicitor as attorney for the City.

On July 8, 1927, this action in *assumpsit* was brought to recover from this defendant the damages, interest and costs awarded against the City in the aforesaid litigation, the defendant being the owner of the property on the east side of Tulip Street and running north for a distance of 475 feet from Lehigh Avenue. To the statement of claim filed by the City, the defendant filed a comprehensive affidavit raising questions of law, and also answering to the merits, and the City has taken the rule now before us for judgment for want of a sufficient affidavit of defense. The questions raised by this rule are four in number: (1) Whether the suit is properly brought in *assumpsit;* (2) whether the defendant can deny that the accident happened on its property; (3) whether the notices of the suit received from the City were sufficient to conclude the defendant as to all questions adjudicated at the trial; and (4) whether the suit has been prematurely brought.

With respect to the first question, we are satisfied that the action is properly in *assumpsit.* The basis of the claim is a legally implied contract of indemnity. The primary duty to keep sidewalks in repair rests upon the property owner, and the law raises an implied undertaking on his part, or, as some authorities put it, a quasi-contractual obligation, founded upon good morals and conscience, to indemnify the municipality if it suffers loss through his failure to perform that duty. It is true that cases may be found in which the municipality has brought trespass instead of *assumpsit* against the property owner. Such cases, however, do not establish that to be the correct action, or even the exclusive one. Indeed, in principle, *assumpsit* would seem to be the proper action, and this has been held in the only two cases in this State in which the question has been discussed and decided: Norwood Borough *v.* Harrison, 15 Dist. R. 142, and Pittsburgh *v.* Cohn Bros. Co., 27 Dist. R. 975. In addition, as pointed out by counsel, a variance between the writ and statement is not a good ground of demurrer; nor can there be oyer of the writ: Sipe *v.* Pennsylvania R. R. Co., 219 Pa. 210; New York & Penna. Co. *v.* N. Y. Central R. R. Co., 267 Pa. 64.

The second and third questions, whether the defendant can deny that the accident happened on its property, and whether the notices received from the City were sufficient to conclude the defendant as to all questions adjudicated at the trial, overlap and may be discussed together. The statement of claim avers, and the affidavit of defense admits, that the defendant owns the property on the east side of Tulip Street for a distance of 475 feet northward from Lehigh Avenue. In Brosnahan's action against the City, the statement of claim averred that the depression which caused the accident was in the east sidewalk of Tulip Street, approximately 120 feet north of Lehigh Avenue. This would fix the accident as happening upon the defendant's sidewalk, for the proper maintenance of which it was primarily responsible. In its affidavit of defense, however, the defendant avers that there was no dangerous depression in its sidewalk and that Brosnahan was not injured at the time and place set forth in the statement. If, in view of the defendnat's admission of ownership of the property at the point where the accident was found by the jury in the Brosnahan case to have happened, the defendant can still contest the existence of the defect in the sidewalk and the place where the accident happened, this case must go to the jury upon that issue, and the rule before us

should be discharged. If, however, the defendant is concluded from denying these facts because of the verdict in the suit against the City, then the averments in question raise no justiciable issue, and the plaintiff should prevail in this phase of its rule for judgment.

In order to determine that question, we must consider, first, whether the notice given to the defendant of the pendency of the suit against the City was sufficient in law to enable the City to plead and use, as evidence, the judgment recovered against it in that suit; and, second, of what matter such a judgment is conclusive.

As to the first of these questions, seven notices of the suit were admittedly given by the plaintiff and received by the defendant, the first on Sept. 22, 1926, approximately five months after the suit was instituted and three weeks before the statement of claim was filed, and the last on May 4, 1927, two weeks before the trial. The defendant contends that these were not due and timely notices, since the City had knowledge of the time and place of the accident when the suit was brought and the first notice was not given until five months thereafter. We cannot agree with this contention. It is difficult to see how the mere bringing of the suit, without the service of the statement, gave the City any information as to where, or when, the accident happened. Be that as it may, however, the City was under no duty to give notice to the defendant instantly upon the bringing of the suit. Its only duty was to give the defendant, by notice of the suit, a reasonable opportunity to come in and defend if it so desired: Orth v. Consumers Gas Co., 280 Pa. 118; Oceanic Steam Navigation Co. v. Campania Transatlantica Espanola, 144 N. Y. 663. This duty was fully discharged in the present case, for the notice was received eight months before the trial and even before any pleadings whatsoever had been filed. Ordinarily, the sufficiency of the notice should be determined as from the trial, rather than from the institution of the suit, for the test is whether the defendant has been given a chance to defend himself at the trial. In such a question as this, each case must stand upon its own facts, and special circumstances may exist to render a notice insufficient which, ordinarily, would be sufficient. They must be pleaded, however, and it is no sufficient reply to a statement of claim, setting forth notices such as were given here, to aver merely that they were not due and timely. The affidavit of defense is, therefore, insufficient to prevent judgment, in so far as its answer to the notices given is concerned, and the defendant is accordingly bound by the matters adjudicated by the jury in the suit against the City.

This brings us to a consideration of what matters are concluded by the judgment. The averments of the affidavit of defense in this regard consist of denials that there was a dangerous hole or depression on defendant's property, that Brosnahan was injured on premises owned by the defendant, and that the record in the suit against the City locates the accident as happening on the property of the defendant. In all of these denials, the defendant is concluded by the judgment against the plaintiff. He is concluded in the first because he has admitted ownership of the property on which the hole is charged to have been, and, as will be pointed out later, the record in the other case fixes the hole on that property. So, also, the judgment establishes that Brosnahan was injured by a defect shown to be on property which the defendant admits he owns.

As to the last denial, that the record in the suit against the City, which is incorporated by reference in the statement, locates the accident as happening on property of the defendant, an inspection of the record shows that it does so locate the accident. The issues decided by the jury are determined by the

pleadings, not by the notes of testimony taken at the trial, and the statement of claim fixes the hole upon property which the defendant admits it owns. The defendant contends, however, that the notes of testimony disclose a variance between the *allegata* and *probata*, and that, therefore, it can show that the accident did not happen on its property. This is not, in our opinion, a valid contention. The rule is that the property owner is concluded by the judgment in all issues which, under the pleadings, were necessary to support the judgment; that is to say, all material issues which the owner could have raised had he exercised his right to come in and defend the suit. Examing the record in the light of this rule, it is apparent that if the defendant had gone in and defended the case, it could have taken advantage of the variance, if it existed, and protected itself from the judgment at the trial. In addition, while an inspection of the testimony shows that there is some indefiniteness and uncertainty in the proof as to the exact spot where the accident happened, it clearly fixes the accident as occurring within the limits of the defendant's property, and nowhere else. It, therefore, follows that the affidavit of defense is insufficient to raise an issue as to the accident happening on the defendant's property.

This brings us to the fourth and last question for our consideration, namely, whether the suit has been prematurely brought. The affidavit of defense avers that the statement "fails to show payment by the City of Philadelphia of any moneys to James Brosnahan, or Anna Brosnahan, and further fails to show any justification for the failure of the City to file a motion for a new trial, and to resist the issuance of the mandamus execution alleged to have been issued May 25, 1927, the day on which judgments were entered against the City." The latter part of this averment is without merit, for the City was under no duty to the defendant to move for a new trial or to stay the issuance of the mandamus by appealing from the judgment; and this is especially so since the defendant elected to stand aloof and to ignore the notices it received, when, at any time, it could have protected itself by assuming the conduct of the defense.

The first part of the averment, that the City has failed to show payment, is equally without merit. It is true that in contracts of indemnity the law denies the right of recovery to the indemnitee until he has made payment or otherwise suffered an actual loss or damage: Wheeler v. Equitable Trust Co., 206 Pa. 428. It does not, however, require payment to be made in money alone in order to fix the indemnitor's liability. Anything which discharges the original obligation is payment. Thus, the receipt of mortgages by a creditor in satisfaction of the debt has been held to constitute payment: Patterson v. Patterson, 23 Pa. 464; bonds similarly received at a valuation have been likewise held to be payment: Hill v. Fuller, 188 Mass. 195. So, also, is the giving of a judgment: Bishop v. Smith, 57 Atl. Repr. 874; the transfer of a bankrupt's property to a trustee: Travellers Ins. Co. v. Moses, 63 N. J. Eq. 260; and the giving of a promissory note: Bausman v. Credit Guarantee Co., 47 Minn. 377; Kennedy v. Fidelity and Casualty Co. of N. Y., 100 Minn. 1. The authorities everywhere are in accord upon this proposition. In the present case, the record shows not only that the mandamus execution was issued on the judgment, but also that the judgment creditor accepted the mandamus as payment, and, on June 9, 1927, entered satisfaction of the judgment of record. This clearly was payment of the judgment, and it follows that the suit which was begun on July 8, 1927, was not prematurely brought.

The rule for judgment for want of a sufficient affidavit of defense is, therefore, made absolute.