## Real Estate-Land Title and Trust Company, to use, v. Real Estate-Land Title and Trust Company.

*Harry C. Liebman*, for plaintiff.
*Saul, Ewing, Remick & Saul*, for defendant.

ALESSANDRONI, J., March 19, 1931.—The statement of claim alleges that on December 16, 1927, the Real Estate-Land Title and Trust Company issued a policy of insurance to the Real Estate-Land Title and Trust Company and all persons claiming under it, insuring that its title to the mortgage on premises situate at the southwest corner of Asbury and Lawrence Streets, Philadelphia, was good and marketable and clear of all liens and encumbrances charging the same at the date thereof. On January 8, 1930, the Real Estate-Land Title and Trust Company for value assigned its interest in the policy to Samuel Levy and the assignment was approved by the proper officers of the company, and its approval endorsed on the policy. The mortgage was also assigned on the same date to Samuel Levy. On January 9, 1930, Samuel Levy foreclosed on the mortgage and purchased the property at sheriff's sale

on February 3, 1930. He then found that a municipal lien was filed of record against the mortgaged premises as of May 25, 1927, and was compelled to pay $434.71 in satisfaction of the lien. The use-plaintiff, Samuel Levy, claims reimbusement for the said sum of $434.71.

The affidavit of defense raising questions of law complains that the use-plaintiff cannot sue in the name of the Real Estate-Land Title and Trust Company to the use of Samuel Levy, as the Real Estate-Land Title and Trust Company cannot sue itself, and that the statement of claim is otherwise defective.

The defendant argues that, inasmuch as the Real Estate-Land Title and Trust Company cannot sue itself, the use-plaintiff, Samuel Levy, obtains no higher rights than the legal plaintiff, and, therefore, cannot sustain this action. A careful examination of the policy discloses that the Real Estate-Land Title and Trust Company insured thereby the Real Estate-Land Title and Trust Company "and all persons claiming the estate, and properly hereinafter mentioned under it by descent, by will, or under the intestate laws, and all other persons to whom this policy may be transferred with the assent of this company, testified by the signature of the proper officer of this company endorsed hereon." The defendant company under this policy expressly covenanted to insure the interest of all persons to whom the policy might be transferred with the assent of the company. A transfer to the use-plaintiff, Samuel Levy, was duly approved by an officer of the Real Estate-Land Title and Trust Company on the date of the assignment and duly accepted by him thereafter. The use-plaintiff relied on the approval by the Real Estate-Land Title and Trust Company of the assignment to him, and the defendant cannot object to the legal result of its own act. The transfer was in accord with the express provisions of the policy and the use-plaintiff acted in reliance thereon. The defendant cannot now complain of the result to the detriment of an innocent party relying thereon.

While the Real Estate-Land Title and Trust Company cannot sue itself, the recognition by it of its liability to an innocent third party cannot be repudiated on the strict technical theory that an assignee receives no greater rights than the assignor has.

Defendant also contends that the municipal lien which was in existence at the date of the issuance of the policy does not interfere with the marketability of the title to the mortgage and is not a lien and encumbrance charging the mortgage at the date of the policy. A policy in language almost similar to the covenants of the policy before us was construed by the Supreme Court in Wheeler v. Trust Co., 160 Pa. 408, which ruled that a lien of this character would render the title of the mortgage unmarketable and would constitute a lien or encumbrance charging the same at the date of the policy. The court stated: "The general intent and effect of the whole policy were to insure the mortgage as a valid security, both as to title and incumbrances." The defendant's argument entirely divorces the premises involved from the mortgage and considers the latter merely as a piece of paper. For the purpose of protecting and realizing upon his security, the mortgagee is considered as the owner and can enjoin waste of the premises by the mortgagor: Nicholson on Conveyancing, page 251. We have considered this contention, although not specifically raised in the affidavit of defense raising questions of law.

And now, to wit, March 19, 1931, the affidavit of defense raising questions of law is dismissed and the defendant is required to file an affidavit of defense within fifteen days hereof.