ESHELMAN, T.J., J.,
Plaintiffs have appealed our order entered in this matter on September 19, 1990, which granted defendant’s motion for summary judgment. This opinion is in support of our order pursuant to Pa.R.A.P. 1925.
Plaintiffs are a real estate limited partnership, Revere House Associates, and its general partner, Donald Barsky. Plaintiffs contend that Commonwealth Land Title Insurance Company failed in March 1977 to file a stipulation against mechanics’ liens on property owned by Revere House, with the result that liens were later filed and Revere House suffered damages. Plaintiffs filed a writ of summons commencing this action in June 1983.
*658 Commonwealth Insurance has moved for sum-maiy judgment, based on the theory that either plaintiffs’ claims are barred by the two-year statute of limitations applicable to negligence actions, or the four-year statute applicable to oral or implied contracts. In response, plaintiffs have disavowed any negligence or implied or oral contract theory, and now contend that their claim is based solely on Commonwealth Insurance’s title policy and is subject to a six-year statute of limitations. Although Commonwealth Insurance issued a title policy, the policy imposes no duty upon Commonwealth Insurance to file a stipulation prohibiting the filing of liens.
Moreover, it is a fundamental precept of title insurance law that policies do not cover damages resulting from liens filed after the date of the policy. Indeed, Commonwealth Insurance’s policy specifically excludes “liens . . . created after [April 1, 1977],” and plaintiffs admit that the first lien against the Revere House property was filed in December 1978.[1] Thus, even if plaintiffs’ claim were based on the policy it must still be dismissed as a matter of law because it is not covered.[2]
Plaintiffs cite no authority (or policy language) for the proposition that a title insurer has an obligation under a title insurance policy to file a stipulation against liens.[3] While it is certainly possible for a title *659 company to agree to file a completed stipulation against liens, it is not a policy obligation; it is a separate arrangement outside the policy. Since Commonwealth Insurance’s alleged agreement to file a stipulation against liens is not in the policy, any claims based on the breach of the alleged agreement are subject to a two-year or four-year statute of limitations. '
Plaintiffs’ central error is their contention that a title policy protects against liens filed after the date of the policy. This is a serious misstatement of the law, and plaintiffs’ memorandum makes it repeatedly. A policy of title insurance does not cover liens filed after the date of the policy, because it “does not protect against defects, liens or encumbrances arising after the date as of which the policy is issued.” Ladner on Conveyancing in Pennsylvania, 20-11 at 38 (4th ed. 1979) (emphasis in original), citing Foehrenbach v. German-American Title & Trust Co., 217 Pa. 331, 66 Atl. 561 (1907). Title insurance companies protect against liens arising before the owner takes his interest in the property. The title insurance policy here is dated April 1,1977, and the first lien was not filed until December 1979, more than two and a half years after the policy date.
The authorities on this point are uniform. “Title policies insure against past risks and exclude future risks. In that sense, title insurance is fundamentally different from other lines of insurance, such as health and accident insurance. ...” Burke, Law of Title Insurance, 3.7 (1986). “Title insurance is an indemnification agreement for the title as it exists on the effective date of the policy. Defects in the insured title which arise thereafter are not insured.” Id. at 2.2.1.[4]
*660 In fact, in the only Pennsylvania case cited by plaintiffs concerning title insurance, Wheeler v. Real Estate Title Insurance & Trust Co., 160 Pa. 408, 28 Atl. 849 (1894), the Supreme Court recognized this basic principle:
“[T]he policy was executed in 1888. The municipal work for which the claims in question were filed was not done until 1891. Such claims were neither a charge on the property at the date of the policy, nor became so within the period provided for in schedule B. They were not within the policy at all and created no cause of action under it. ” (emphasis supplied)
In summary, plaintiffs’ claim is based on an alleged agreement or duty separate from and not contained in the policy, and it is time-barred. To the extent plaintiffs insist that their damages claim is made under the policy, it is not covered, and, in fact, is specifically excluded. The court should make that determination as a matter of law. Standard Venetian Blind Co. v. American Empire Insurance Co., 503 Pa. 300, 304-5, 469 A.2d 563, 566 (1983). Plaintiffs state, without citing any authority, that “even if Commonwealth [Insurance] argues that the policy does not cover unfiled mechanics’ claims, the question of what or what was not covered under the policy is a question of fact for the jury.” Plaintiffs’ memorandum at 14. Commonwealth Insurance is not arguing that unfiled mechanics’ liens are not covered; it is arguing that mechanics’ liens filed after the date of the policy are not covered. As to whether interpretation of an insurance policy is a question for the court or jury, there is simply no *661 question that it is for the court. As the Pennsylvania Supreme Court said in Standard Venetian Blind, supra, “[T]he task of interpreting a contract is generally performed by a court rather than a jury. . . . Where . . . the language of the contract is clear and unambiguous, a court is required to give effect to that language.” 503 Pa. at 304-5, 469 A.2d at 566.
Pennsylvania Rule of Civil Procedure 1035(b) provides that summary judgment “shall be rendered if the pleadings,- depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Summary judgment can properly be granted in favor of the defendant when the plaintiff has failed to commence his cause of action within the time prescribed by the applicable statute of limitations. Mangino v. Steel Contracting Co., 427 Pa. 533, 235 A.2d 151 (1967); Stauffer v. Ebersole, 385 Pa. Super. 306, 560 A.2d 816 (1989); Goodrich-Amram 2d, §§1035(b)7, 1035(b)7.2.
For all of the reasons discussed above, this court was required to grant defendant Commonwealth Insurance’s motion for summary judgment.

. A copy of the policy is attached as exhibit B to Commonwealth Insurance’s motion. The cited language appears at the bottom of the second page of the policy in paragraph 3 under the heading “Exclusions from Coverage.”

. It would still be time-barred as well, because the alleged breach — the failure to file the stipulation — occurred on March 31, 1977, more than six years before suit was initiated.

. All but one of the cases relied on by plaintiffs concern auto liability policies, health and accident policies and life insurance policies.

. The Commonwealth Insurance policy exclusions section clearly states:
*660 “The following matters are expressly excluded from the coverage of this policy: ... (3) Defects, liens, encumbrances, adverse claims or other matters . . . (d) attaching or created subsequent to Date of Policy [April 1, 1977] ...”